JOSEPH B. TOWNSEND v. GEORGE H. BURR AND
JAMES G. FIGGER.

No. 291.  ( 60 Pac. 477.)

1. PLEADINGS—*Statement of Facts—Legal Conclusions.*  A pe-
tition must state the facts constituting the cause of action.  A
statement that no publication notice as required by law has been
filed is a statement of law and not a statement of fact.

2. PRACTICE, DISTRICT COURT—*Publication Notice—Name of
Court.*  A publication notice which in its heading contains the
name of the court and the county and state, which is attested by
the clerk of the district court with the seal of the district court
attached thereto, and which notice describes the land as being in
the same county named in the heading, when construed liberally,
as required by section 4 of the code (Gen. Stat. 1897, ch. 95, § 4;
Gen. Stat. 1899, § 4246), is sufficient, so far as stating the court in
which the petition is filed.

Error from Stafford district court ; ANSEL R. CLARK,
judge.   Opinion filed March 20, 1900.   Affirmed.

*Wm. Barrett,* for plaintiff in error.

*Moseley & Dixon,* for defendants in error.

The opinion of the court was delivered by

DENNISON, P. J. : On May 18, 1893, Geo. H. Burr,
one of the defendants in error, obtained a judgment
against James H. Jones and the McKinley & Heliker
Investment Company quieting his title to certain lands
in Stafford county.   On May 19, 1896, the plaintiff in
error brought this action, and alleged among other
things that he was the owner of a 'certain note and
mortgage executed and delivered by said Jones to the
said McKinley & Heliker Investment Company, and
that the judgment against the said investment com-
pany is void.   He also alleged that the defendant in
error Figger had purchased the land from said Burr,

Townsend v. Burr.

and that the same was conveyed to him by a good and sufficient deed of conveyance. It was alleged that the judgment is void because there was no notice to obtain service by publication upon said company as required by law. The defendants below demurred to the petition and the demurrer was sustained by the court. The plaintiff electing to stand on his petition, judgment was rendered against him for costs, and he brings the case here for review. The only service obtained was by publication, and the following is a copy of the only notice of publication ever published in the case:

"[First published March 31.]

"GEORGE H. BURR, *Plaintiff*,
v.
JAMES H. JONES AND THE MCKINLEY & HELIKER INVESTMENT COMPANY, *Defendants*.    In the district court of Stafford county, Kansas.

"You will take notice that on the 31st day of March, 1893, the above-named plaintiff filed his petition against you and one James H. Jones to quiet the plaintiff's title to the following-described real estate situated in Stafford county, Kansas, to wit: Southwest quarter of section number four (4), in township number twenty-four (24) south, range eleven (11) west.

"You are hereby notified that you must answer said petition so filed against you on or before the 15th day of May, 1893, or said petition will be taken as true, and the plaintiff will take judgment quieting his title to said premises against you and all persons claiming by, through or under you. You will take due notice hereof and govern yourselves accordingly.

ROSE & ROSE, *Attorneys for Plaintiff*.

"Attest: E. J. WESTGATE,
[SEAL.]   ·   *Clerk of the District Court*."

It is contended by the plaintiff in error that this notice is fatally defective for the reason that it does not state the court in which the petition is filed, and therefore does not follow the requirements of section 74 of the code (Gen. Stat. 1897, ch. 95, § 74; Gen.

Stat. 1899, § 4324), and that for this reason the judgment quieting Burr's title is absolutely void and should be set aside.

We think the general allegation that there was no notice of publication as required by law is not sufficient to inform the trial court of the defect upon which it is required to pass. The petition must state the facts constituting the cause of action. (Gen. Stat. 1897, ch. 95, § 87; Gen. Stat. 1899, § 4337.) An allegation that there was no notice of publication as required by law is in effect an allegation that the publication notice was illegal and not a statement of the facts constituting the illegality.

We also think that the statements in the publication notice are sufficient when construed under section 4 of the code (Gen. Stat. 1897, ch. 95, § 4; Gen. Stat. 1899, § 4246.) The court and county and state are named in the heading of the notice, and the clerk of the district court attests the notice and attaches the seal of the district court thereto, and the land is described as being in said county. If we construe this statute liberally, with a view to promote its object and assist the parties in obtaining justice, we must say that if the defendant had read the notice which was published he would have known that the petition had been filed in the district court of Stafford county, and could not have been in doubt about it.

The publication notice being sufficient, the judgment quieting title is not void, and a petition filed more than three years after the judgment was rendered is demurrable.

The judgment of the district court is affirmed.